# Exhibit

# B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK JONES, MICHELLE GOULD, DICKY WARREN, and CARL JUNG, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>STURM, RUGER & COMPANY, INC. and FREESTYLE SOFTWARE, INC.,<br><br>       Defendants. | :<br>:<br>:<br>:<br>: Civil Action No.:<br>:<br>: 3:22-CV-01233 (KAD)<br>:<br>: May 9, 2025<br>:<br>:<br>:<br>: |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Settlement" or "Agreement")[1] is entered into between Plaintiffs Mark Jones, Michelle Gould, Dicky Warren, and Carl Jung, on behalf of themselves and the Settlement Class (together "Plaintiffs"), and Defendants, Freestyle Software, Inc. ("Freestyle") and Sturm, Ruger & Company, Inc. ("Ruger") (together "Defendants") (collectively the "Parties"), as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I. Procedural History

1. Freestyle is a software services company that provides retailers and other ecommerce firms with inventory, order, and customer management software solutions. Among other things, Freestyle's services allow businesses to run eCommerce websites using Freestyle's software and services without the need for an on-premises website-hosting infrastructure.

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below or as defined elsewhere in the Agreement.

2.      Ruger is one of Freestyle's customers that uses Freestyle's online services. Ruger is one of the nation's leading firearms manufacturers for the commercial sporting market as well as a retailer of other firearm related accessories. Ruger does not sell firearms online using Freestyle's services. Ruger sells products directly to retail purchasers such as cleaning supplies, safety equipment, survival gear, hunting gear, as well as other types of sporting accessories and apparel.

3.      On February 2, 2022, a Freestyle customer informed Freestyle of a potential information security issue of which Freestyle had not been aware. Within 24 hours, Freestyle identified and removed the malware.  Shortly thereafter Freestyle retained Verizon, a PCI Forensic Investigator to assist in investigating the incident. Verizon then conducted a thorough and independent PCI Forensic Investigation of the incident's nature and scope as well as assisted in Freestyle's containment and remediation efforts.

4.      On August 2, 2022, Freestyle notified Ruger that it had determined that malware was present on the server hosting ShopRuger.com and provided a list of potentially affected transactions. On August 18, 2022, Ruger provided written notification to 167,963 potentially affected customers of ShopRuger.com, including the Plaintiffs.  Ruger also offered customers one year of complimentary identity protection services and a $1,000,000 identity theft insurance policy and notified state Attorneys General as required.

5.      Defendant Ruger sent a data breach notification letter to potentially impacted individuals, informing them that their personally identifiable information and payment card data may have been involved in the Data Incident. Plaintiffs filed complaints in the United States District Court for the District of Connecticut and District of New Jersey against Ruger and

Freestyle, respectively.[2]

6.     All unresolved consumer cases were folded into the pending case in this Court against Ruger and Freestyle was added as an additional Defendant. Specifically, Plaintiffs filed a nationwide class action Complaint against Ruger and Freestyle. Plaintiffs' Amended Complaint asserted three counts against both Defendants: (1) negligence, (2) breach of contract (express and/or implied), and (3) unjust enrichment. Both Defendants filed separate motions to dismiss. The Court dismissed the negligence claim under the economic loss doctrine as to both Freestyle and Ruger. Only the claims for breach of implied contract and unjust enrichment remain against Freestyle. And only the claim for breach of express contract remains against Ruger.

7.     Thereafter, the Parties engaged in fact and expert discovery.

8.     After several protracted mediation sessions with the Honorable John W. Thornton (with JAMS), on December 6, 2024, the Parties reached agreement on the materials terms of the settlement.

9.     The Parties held a status conference with the Court regarding the settlement on December 20, 2024, and again on January 8, 2025.

10.    The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendants have entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to their business operations associated with further litigation. Defendants do not in any way acknowledge, admit to, or concede any of the allegations

---

[2] *Warren, et al. v. Freestyle Software, Inc.*, No. 2:22-CV-05533 (D.N.J.) and *Copeland, et al. v. Sturm, Ruger & Company, Inc. et al.*, 2:22-CV-06302, (D.N.J.).

made in any of the Complaints, and expressly disclaim and deny any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendants, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows:

II. **Definitions**

11.    "**Action**" means the consolidated class action lawsuit entitled: *Jones, et al. v. Sturm, Ruger & Company, et al.*, Case No. 3:22-CV-01233 (D. Conn.).

12.    "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made at least 14 days prior to the expiration of the Objection Period with the Motion for Final Approval seeking Class Counsel's attorneys' fees, reimbursement for costs, and for Service Awards for the Class Representatives.

13.    "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator or Defendants shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. A declaration attesting to compliance with 28 U.S.C. § 1715(b)

will be filed with the Motion for Final Approval.

14.    "**Claim**" means the submission, on or before the Claim Form Deadline, of a Claim Form by a Claimant.

15.    "**Claim Form**" means the proof of Claim, substantially in the form attached hereto as ***Exhibit 4***, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

16.    "**Claim Form Deadline**" shall be 90 days from the date that Notice is first disseminated to the Settlement Class and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for a Settlement Payment.

17.    "**Claimant**" means a Settlement Class Member who submits a Claim Form, on or before the Claim Form Deadline.

18.    "**Class Counsel**" means: Mason A. Barney of Siri & Glimstad LLP; Gary M. Klinger of Milberg Coleman Phillips Grossman PLLC; and Justin C. Walker of Markovits, Stock, & DeMarco LLC.

19.    "**Class List**" means a list of Settlement Class Members. Defendants shall prepare and provide the Class List to the Settlement Administrator for Notice using information in their records by the deadline established herein. The Class List shall include the Settlement Class Members' names, postal address (if available from Data Incident notice or other materials) and email address (if available from Data Incident notice or other materials). Specifically, Ruger will provide such available information only for its customers to whom it sent a data breach notice, and Freestyle will provide such available information for individuals who had cardholder data that was confirmed to be exfiltrated.

20.     "**Class Representatives**" mean Mark Jones, Michelle Gould, Dicky Warren, and Carl Jung.

21.     "**Complaint**" or "**Consolidated Complaint**" means the First Amended Class Action Complaint filed by Plaintiffs on January 20, 2023.

22.     "**Court**" means the United States District Court for the District of Connecticut and the Judge(s) assigned to the Action.

23.     "**Data Incident**" means the unauthorized access to or acquisition of the Personal Information as identified in the Complaint.

24.     "**Defendants**" means Freestyle Software, Inc. and Sturm Ruger & Company, Inc.

25.     "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

26.     "**Email Notice**" means the email form of Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 1***, distributed to Settlement Class Members for which email addresses are provided by Defendants.

27.     "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

28.     "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

29.    "**Final Approval Hearing**" means the hearing to be conducted by the Court to determine fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

30.    "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties, substantially in the form attached hereto as ***Exhibit 6.*** The Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

31.    "**Freestyle**" means Freestyle Software, Inc.

32.    "**Freestyle's Counsel**" means Hunton Andrews Kurth LLP.

33.    "**In Camera Supplement**" means the agreement containing certain confidential terms allowing termination of the Settlement Agreement that will be submitted *in camera* to the Court.

34.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 3***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

35.    "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

36.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

37.    "**Net Settlement Fund**" means the amount of the Settlement Fund following

payment of: (1) Service Awards to Class Representatives awarded by the Court, (2) attorneys' fees and costs awarded by the Court to Class Counsel, (3) all Settlement Administration Costs, and (4) Taxes and Tax-Related Expenses.

38.     "**Notice**" means notice of the proposed class action Settlement to be provided to Settlement Class Members including the Email Notice, Postcard Notice, Long Form Notice, and Publication Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

39.     "**Notice Deadline**" means the last day by which Notice must issue to the Settlement Class Members, and which will occur thirty (30) days after entry of the Preliminary Approval Order.

40.     "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and consists of the Email Notice, Postcard Notice, Long Form Notice, and Publication Notice.

41.     "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid but otherwise timely Claim.

42.     "**Objection Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends sixty (60) days after the Notice Deadline, when a written objection to this Settlement Agreement must be postmarked and/or filed with Court and sent to the Settlement Administrator.

43.     "**Opt-Out Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends sixty (60) days after the Notice Deadline, when a Settlement Class Member may file a request to opt-out or be excluded from the Settlement Class.

44.     "**Out-of-Pocket Losses**" means documented out-of-pocket costs or expenditures

8

that a Settlement Class Member actually and reasonably incurred that are fairly traceable to the Data Incident.

45.    "**Party**" means each or either of the Plaintiffs and Defendants, and **"Parties"** means Plaintiffs and Defendants collectively.

46.    "**Personal Information**" or "**PII**" is intended to be broadly construed and means any payment card information or personally identifiable information that could be used to identify, locate, or contact a person (whether on its own or in combination with other information).  The term Personal Information specifically includes, without limitation any information deemed compromised as a result of the Data Incident.

47.    "**Plaintiffs**" mean Mark Jones, Michelle Gould, Dickey Warren, and Carl Jung.

48.    "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2***, that the Settlement Administrator shall disseminate to Settlement Class Members by mail.

49.    "**Pre-Approval Settlement Administration Costs**" means Settlement Administration Costs incurred before Final Approval.

50.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

51.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 5***.

52.    "***Pro Rata* Cash Payment**" or "**Cash Payment**" means a pro rata cash payment that will not exceed One Hundred Seventy Five Dollars and Zero Cents ($175.00), which a Settlement Class Member may claim under this Settlement Agreement, as set forth in Paragraph

75.

53.    "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

54.    "**Released Claims**" means the operative facts alleged in the Action, including the complaint and any amendment thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Data Incident, Defendants' provision of notice to Settlement Class Members following the Data Incident, Defendants' information security policies and practices as they relate to or arise from the Data Incident, or Defendants' maintenance or storage of Personal Information as they relate to or arise from the Data Incident, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act arising out of or relating to the Data Incident.

55.    "**Released Parties**" means Defendants and each entity which is controlled by, controlling or under common control with Defendants and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners,

attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

56.    "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

57.    "**Ruger**" means Sturm Ruger & Company, Inc.

58.    "**Ruger's Counsel**" means Day Pitney LLP.

59.    "**Service Awards**" means the payments the Court may award the Plaintiffs for serving as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members. The Service Awards shall be paid out of the Settlement Fund.

60.    "**Settlement Administrator**" means the third-party notice and claims administrator, Verita Global, LLC.

61.    "**Settlement Administration Costs**" means all costs and fees incurred by the Settlement Administrator regarding Notice and settlement administration.

62.    "**Settlement Class**" means all living individuals residing in the United States who were sent a notice by Ruger that their Personal Information may have been impacted in the Data Incident or whose Personal Information was otherwise impacted and/or exfiltrated by the Data Incident, as well as all living individuals residing in the United States whose data was exfiltrated in the Data Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Defendants; (b) governmental entities; and (c) the Judges assigned to the Action, members of the Judges' immediate family, and Court staff.

63.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

64.    "**Settlement Class Member Benefit**" means the Settlement Payment(s) elected by Settlement Class Members.

65.    "**Settlement Fund**" means the non-reversionary sum of $1,500,000.00 (one million five hundred thousand US dollars) in cash fund that Defendants are obligated to fund under the terms of the Settlement, including any interest accrued thereon after payment.  Freestyle and Ruger shall determine, in their sole discretion, the amount of each of their respective contributions to the Settlement Fund.  This sum is the limit and extent of the monetary obligations of Defendants, their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing, with respect to this Agreement and the settlement of this matter.

66.    "**Settlement Payment**" means compensation paid to Settlement Class Members who elected to submit a Claim for Compensation for Out-of-Pocket Losses, Compensation for Lost Time, and/or a Pro Rata Cash Payment.

67.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including important dates regarding the Settlement, hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders

posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.  Any costs incurred in establishing or maintaining the Settlement Website pursuant to this agreement shall be part of the Settlement Administration Costs to be paid from the Settlement Fund.

68.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III.    <u>Settlement Fund</u>

69.    At least 14 days before commencement of the Notice Program, Defendants shall pay to the Settlement Administrator a sum portion of the Pre-Approval Settlement Administration Costs to be agreed upon by the Settlement Administrator, Defendants, and Class Counsel, which shall be sufficient to effectuate notice to the Settlement Class Members.

70.    The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished, except in the event this Agreement is terminated, as described in Sections XIV and XV.

71.     Following entry of the Preliminary Approval Order, Defendants shall pay all subsequent amounts for Pre-Approval Settlement Administration Costs within 30 days of when such amounts are invoiced by the Settlement Administrator along with wire instructions and other required documentation and become due and owing. Defendants are not required to advance costs for Claims validation or other Claims processing related costs until such time such costs are actually incurred. Except that any Settlement Administration Costs incurred after the Effective Date will be paid to the Settlement Administrator from the Settlement Fund following its funding.

72.      Within 30 days of the Effective Date, Defendants shall deposit, or cause to be deposited, with the Settlement Administrator in an Escrow Account the Settlement Fund minus any Settlement Administration Costs previously paid by Defendants.

73.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendants, Defendants' Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.    <u>Certification of the Settlement Class</u>

74. In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. Defendants agree solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendants shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.  **Settlement Class Member Benefits**

75. When submitting a Valid Claim, Settlement Class Members must choose a Settlement Payment consisting of any, or all, of the payments discussed in this paragraph. In the event the amount of Valid Claims exhausts the amount of the Net Settlement Fund, the amount of the payments for Valid Claims for Compensation for Out-of-Pocket Losses and Compensation for Lost Time may be increased or reduced *pro rata* accordingly. Any *pro rata* increases or decreases to payments for Compensation for Out-of-Pocket Losses and Compensation for Lost Time will be on an equal percentage basis.

    a. **Compensation for Out-of-Pocket Losses:** The Settlement Administrator, from the Settlement Fund, will provide compensation for unreimbursed losses fairly traceable to the Data Incident, up to a total of $4,500 per person. Settlement Class Members must submit documentation supporting their Claims for Out-of-Pocket losses. Out-of-Pocket losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing

15

or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. A claim for Compensation for Out-of-Pocket Losses may be combined with a claim for Compensation for Lost Time and/or a claim for a Pro Rata Cash Payment but in no circumstance will a Settlement Class Member be eligible to receive more than the $4,500 individual cap.

b. **Compensation for Lost Time:** The Settlement Administrator, from the Settlement Fund, will provide compensation for up to 5 hours of lost time at $25.00/hour ($125 cap) for time spent mitigating the effects of the Incident. Settlement Class Members may submit claims for up to 5 hours of lost time with only an attestation demonstrating that they spent the claimed time responding to issues raised by the Incident. This attestation may be completed by checking a box next to the sentence: "I swear and affirm that I spent the amount of time noted in response to the Data Incident." A claim for Compensation for Lost Time may be combined with a claim for Compensation for Out-of-Pocket Losses and/or a claim for a Pro Rata Cash Payment but in no circumstance will a Settlement Class Member be eligible to receive more than the $4,500 individual cap.

c. ***$50 Pro Rata* Cash Payment:** In addition to the compensation provided for in the foregoing sub-paragraphs, each Settlement Class Member may elect to receive a cash payment estimated to be $50, which shall be paid from the Settlement Fund. After the calculation of the approved attorneys' fees, Class Counsel's Litigation Expenses, Settlement Administration Costs, Compensation for Out-of-Pocket

Losses, and Compensation for Lost Time, the Settlement Administrator will make *pro rata* adjustment of the $50 amount to account for any remaining funds. This *pro rata* adjustment may increase or decrease the Cash Payment, but under no circumstances will the Cash Payment exceed One Hundred Seventy Five Dollars and Zero Cents ($175.00). No documentation or attestation is required. A claim for a Pro Rata Cash Payment may be combined with a claim for Compensation for Out-of-Pocket Losses and/or a claim for Compensation for Lost Time but in no circumstance will a Settlement Class Member be eligible to receive more than the $4,500 individual cap.

76. **Confirmatory Discovery**: Prior to the Final Approval Hearing, Freestyle shall provide Class Counsel with a "Security Attestation" attesting to the security measures it is implementing following the Data Incident. Freestyle confirms that all of these security measures have been implemented. The costs of any such security measures on the part of Freestyle shall be fully borne by Freestyle, and under no circumstances will such costs be deducted from the Settlement Fund. Freestyle will reasonably estimate and attest to the costs of such security measures to Class Counsel and such costs shall be considered a benefit of the Settlement.

## VI. Settlement Approval

77. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, on or before February 14, 2025. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and Defendants.

78. The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate,

17

and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim submission process; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6)  Mason A. Barney of Siri & Glimstad LLP; Gary M. Klinger of Milberg Coleman Phillips Grossman PLLC; and Justin C. Walker of Markovits, Stock, & DeMarco LLC as Class Counsel for Settlement purposes; (7) stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendants' Counsel.

## VII.    <u>Settlement Administrator</u>

79.    The Parties agree that, subject to Court approval, Verita Global, LLC shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

80.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Settlement Payments to Settlement Class Members who submit Valid Claims.

81.    The Settlement Administrator's duties include:

a.    Within 10 days following the Court's entry of the Preliminary Approval Order and pursuant thereto, the Defendants shall, or direct the Settlement Administrator, to cause

a CAFA Notice to be served upon the appropriate State and Federal officials.

        b.      Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice and, where email addresses are provided, sending the Postcard Notice in electronic form via email, sending out Long Form Notices and paper Claim Forms on request from Settlement Class Members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

        c.      Establishing and maintaining the Settlement Fund and the Escrow Account approved by the Parties;

        d.      Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

        e.      Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

        f.      Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

        g.      Responding to any mailed Settlement Class Member inquiries;

        h.      Processing all opt-out requests from Settlement Class Members;

        i.      Providing weekly reports to Class Counsel and Defendants' Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

j.    In advance of the Final Approval Hearing, preparing a declaration to submit to the Court confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k.    Distributing, out of the Settlement Fund, Settlement Payments by electronic means or by check mailed as soon as practicable after the allocation and distribution of funds are determined following the Effective Date;

l.    Paying Court-approved attorneys' fees and costs and Service Awards out of the Settlement Fund;

m.    Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

n.    Any other Settlement administration function at the instruction of Class Counsel and Defendants, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Settlement Payments have been properly distributed.

o.    The Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any

claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

        p.    The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## VIII.   Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures

        82.    Defendants will make available to the Settlement Administrator the portions of the then-available Class List no later than 14 days after entry of the Preliminary Approval Order. To the extent necessary, Defendants will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.  Specifically, Ruger will provide such available updated information only for its customers to whom it sent a data breach notice, and Freestyle will provide such available updated information for individuals who had cardholder data that was confirmed to be exfiltrated. The Parties anticipate that certain limited and targeted settlement-related third-party discovery may be needed to update the Class List, which may then require adjustment of certain deadlines. The parties shall communicate any such proposed deadline adjustments to the Court via a proposed order for approval of the same.

        83.    Within 30 days following entry of the Preliminary Approval Order, the Settlement

Administrator shall commence the Notice Program (the Notice Deadline), provided herein, using the forms of Notice approved by the Court. Where email addresses are provided for Settlement Class Members, Email Notice shall be sent by email. Settlement Class Members for which email addresses are not provided, or emails were undelivered (and a postal address is provided), shall receive a Postcard Notice by mail. Additionally, to the extent that any Settlement Class Members cannot be identified, notice by publication, with respect to the proposed class action settlement, is sufficient for such Settlement Class Members.

84.     The Email Notice and Postcard Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for Settlement Class Members to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel and Defendants' Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

85.     The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available an online Claim Form, the substance of which shall be approved by the Court, that can be submitted directly on the Settlement Website or in printable version that can be

22

sent by U.S. Mail to the Settlement Administrator.

86.    The Long Form Notice also shall include a procedure for Settlement Class Members to opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class Member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class and Settlement. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

87.    The Long Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice and Email Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the objection instructions.

88.    Written Objections must be filed with the Court, and sent by U.S. Mail to the Settlement Administrator no later than the last day of the Objection Period. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the last day of the Objection Period, as specified in the Notice, and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be

deemed to have been submitted on the shipping date reflected on the shipping label.

89.     For an objection to be considered by the Court, the objection must also set forth:

a.      the name of the Action;

b.      the objector's full name, mailing address, telephone number, and email address (if any);

c.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.      the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.      the identity of all counsel who represent the objector (if any), including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and whether they will appear at the Final Approval Hearing;

f.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm

have objected to a class action settlement within the preceding 5 years;

g.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i.      the objector's wet signature (because electronic signatures shall not be accepted).

Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel.

90.      The Settlement Administrator shall perform reasonable address traces for Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 60 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class Members whose new addresses were identified as of that time through address traces.

91.      The Notice Program shall be completed no later than 60 days before the original date set for the Final Approval Hearing.

## IX.    Claim Form Process and Disbursement of Settlement Payments

92.      The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

93.      Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim

Form.

94.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

95.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate Claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

96.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

97.     Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendants' Counsel and Class Counsel otherwise agree.

98.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

    a.      Failure to fully complete and/or sign the Claim Form;

    b.      Illegible Claim Form;

    c.      The Claim Form is fraudulent;

    d.      The Claim Form is duplicative of another Claim Form;

e.      The Claimant is not a Settlement Class Member;

f.      The Claimant submitted a timely and valid request to opt out of the Settlement Class.

g.      The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.      Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.      The Claim Form otherwise does not comply with the requirements of this Settlement.

99.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.      The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims.

b.      A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph.

c.      If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendants' Counsel shall be provided with copies of all such notifications to Claimants.

d.      The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

100.   The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the

decision, if requested by Class Counsel or Defendants' Counsel. Additionally, Class Counsel and Defendants' Counsel shall have the right, but not the obligation, to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

101.    No person or entity shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

102.    No later than 30 days after the Settlement Fund is deposited following the Effective Date pursuant to Section III, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

103.    Settlement Payments to Settlement Class Members will be made by electronic payment or by paper check.  The Settlement Administrator shall resolve any disputes relating to the method of payment using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit their entitlement right to the funds.

## X.    Final Approval Order and Final Judgment

104.    Plaintiffs shall file their Motion for Final Approval of the Settlement no later than 14 days before the date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court

will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

105.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

      a.      Determine that the Settlement is fair, adequate and reasonable;

      b.      Finally certify the Settlement Class for settlement purposes only;

      c.      Determine that the Notice Program satisfies Due Process requirements;

      d.      Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.      Release Defendants and the other Released Parties from the Released Claims; and

      f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    <u>Service Awards, Attorneys' Fees, and Costs</u>

106.    **Service Awards.** The Class Representatives may seek Service Awards of up to

$3,500.00 each, subject to Court approval. The Service Awards shall be payable out of the Settlement Fund.

107.    **Attorneys' Fees and Costs.** Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of reasonable litigation expenses not to exceed $35,000.00. The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel within five days after the Settlement Fund is deposited following the Effective Date pursuant to Section III.

108.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement.

**XII.    Distribution of Settlement Payments: Disposition of Residual Funds**

109.    Any residual funds after payment of all class benefits, Settlement Administration fees, attorneys' fees, costs, and Service Awards shall be used for a pro rata increase of the Pro Rata Cash Payment claims, but under no circumstances will the Cash Payment exceed One Hundred Seventy Five Dollars and Zero Cents ($175.00).

110.    If any monies remain in the Settlement Fund more than one hundred and eighty (180) days after the distribution of Settlement Payments, the Parties shall determine whether that remaining amount is substantial enough to warrant an additional distribution to the Settlement Class Members, and if the Parties determine that the amount remaining is not substantial enough to warrant an additional distribution then any residual shall be distributed to an appropriate

mutually agreeable *cy pres* recipient approved by the Court. The Parties agree to propose the Consumer Federation of America as the *cy pres* recipient.

## XIII.  **Releases**

111.    Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq*. Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain,

cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

112.    Settlement Class Members who opt-out of the Settlement prior to the end of the Opt-Out Period do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

113.    Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, Defendants shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged Plaintiffs' Released Parties, which includes Plaintiffs, Plaintiffs' respective legal representatives, including Class Counsel, heirs, executors, administrators, beneficiaries, trustees, predecessors, successors in interest, transferees and assignees, in their capacities as such, from any and all Released Claims which include all claims, demands, damages, harm, injuries, actions, causes of action, suits, proceedings, matters, disputes, obligations, costs, and losses of any kind whatsoever, whether known or Unknown Claims, suspected or unsuspected, accrued or unaccrued, and contingent or non-contingent, which now exist or have existed upon any theory of law or equity (whether contractual, common law, statutory, federal, state, local, or otherwise), including any claims for compensatory or punitive damages, or for attorneys' fees, costs, or disbursements of any kind, against Defendant's Released Persons arising out of or related to the conduct challenged in the Action, except for claims relating to the enforcement of the Agreement.

114.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court

order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV.  Termination of Settlement

115.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

        a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

        b.    The Court has entered the Preliminary Approval Order;

        c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

        d.    The Effective Date has occurred.

116.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

117.    Defendants shall have the option to terminate this Agreement under the terms of the In Camera Supplement, as agreed to by the Parties and as communicated to the Court *in camera*. If Defendants elect to terminate the Settlement, they shall provide written notice to Class Counsel no later than fifteen (15) days after the Opt-Out Period, or the option to terminate shall be considered waived.

118.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this

Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action

and all papers filed. In such event, the terms and provisions of this Agreement shall have no further

force and effect with respect to the Parties and shall not be used in this Action or in any other action

or proceeding for any other purpose, and any order entered by this Court in accordance with the

terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

119.    In the event this Agreement is terminated or fails to become effective, after payment

of any Settlement Administration Costs that have been incurred and are due to be paid from the

Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to

Defendants within 20 days of termination. However, Defendants shall have no right to seek from

Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs

paid.

**XV.    Effect of Termination**

120.    The grounds upon which this Agreement may be terminated are set forth in Section

XIV. In the event of a termination, this Agreement shall be considered null and void; all of

Plaintiffs', Class Counsel's, Defendants, and Defendants' Counsel's obligations under the

Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo*

*ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of

such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be

retained and preserved. Notwithstanding the foregoing, in the event of such a termination, the

provisions provided for in paragraphs 81(o) & (p), 101, 118 and 119 shall remain in force and

effect.

121.    In the event the Settlement is terminated in accordance with the provisions of this

Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be

discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.    No Admission of Liability

122.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendants have denied and continue to deny each of the claims and contentions alleged in the Complaint. Defendants specifically deny that a class could or should be certified in the Action for litigation purposes. Defendants do not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

123.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

124.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed

36

or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

125.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

126.    In addition to any other defenses Defendants or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  <u>Miscellaneous Provisions</u>

127.    <u>Confidentiality</u>. To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. The Parties will not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law. Approval of any proposed public statement of the other side will not be unreasonably withheld. The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. This paragraph shall not be construed to limit or impede the Notice requirements contained in this

Settlement Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to Plaintiffs or Class Members directly (i.e., not through publication) or in representations to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendants also may provide information about the Settlement Agreement to their attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws or other applicable laws and regulations. Plaintiffs and Plaintiffs' Counsel may also provide information about the Settlement Agreement or payments thereunder as necessary to their attorneys, members, partners, accountants, tax preparers, and other persons or entities who require such information in order to provide services to Plaintiffs and/or Plaintiffs' Counsel.

128.    <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

129.    <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

130.    <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

131.    <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

132.    <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

133.    <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

134.    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Connecticut, without regard to the principles thereof regarding choice of law.

135.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

136.    <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court

shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

137.     <u>Notices</u>. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

     Mason A. Barney
     SIRI & GLIMSTAD LLP
     745 Fifth Avenue, Suite 500
     New York, NY 10151
     mbarney@sirillp.com

     Justin C. Walker
     MARKOVITS, STOCK & DEMARCO, LLC
     119 E. Court Street, Suite 530
     Cincinnati, Ohio 45202
     jwalker@msdlegal.com

     Gary M. Klinger
     MILBERG COLEMAN BRYSON
     PHILLIPS GROSSMAN, PLLC
     221 West Monroe Street, Suite 2100
     Chicago, IL 60606
     gklinger@milberg.com

If to Freestyle or Freestyle's Counsel:

     John J. Delionado (admitted *pro hac vice*)
     HUNTON ANDREWS KURTH LLP
     2200 Pennsylvania Avenue, NW
     Washington, DC 20037-1701
     (202) 955-1500 Telephone
     (202) 778-2201 Facsimile
     Email: JDelionado@HuntonAK.com

     Jason M. Beach (admitted *pro hac vice*)
     HUNTON ANDREWS KURTH LLP

40

600 Peachtree St. NE, Suite 4100
Atlanta, GA 30308
(404) 888-4000 Telephone
(404) 602-9079 Facsimile
Email: jbeach@ HuntonAK.com

If to Ruger's Counsel:

Erick M. Sandler (ct25029)
Lauren G. Moscato
Day Pitney LLP
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
(860) 275-0100
(860) 275-0343 (fax)
*emsandler@daypitney.com*
*lmoscato@daypitney.com*

Michael L. Fialkoff
Day Pitney LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 966-6300
(973) 966-1015 (fax)
*mfialkoff@daypitney.com*

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests to opt-out, or other filings received as a result of the Notice Program.

138.    <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendants' Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

139.    <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

140.    <u>Authority</u>. Class Counsel (for the Plaintiffs and the Settlement Class Members), and

Defendants' Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendants respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

141.   <u>Agreement Mutually Prepared</u>. Neither Plaintiffs nor Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

142.   <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject

to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

143.     <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**[SIGNATURES ON FOLLOWING PAGES]**

IN WITNESS WHEREOF, the Parties have herby accepted and agreed to the Settlement Agreement.

**PLAINTIFFS**

*Mark Jones*
Mark Jones (May 9, 2025 05:44 EDT)
_____    Date: _____05/09/2025_____
MARK JONES
*Plaintiff*

*Michelle Gould*
Michelle Gould (May 8, 2025 17:16 PDT)
_____    Date: _____05/08/2025_____
MICHELLE GOULD
*Plaintiff*

Dicky Warren (May 9, 2025 12:43 CDT)
_____    Date: _____05/09/2025_____
DICKY WARREN
*Plaintiff*

*Carl Jung*
Carl Jung (May 9, 2025 13:09 CDT)
_____    Date: _____09/05/2025_____
CARL JUNG
*Plaintiff*

**CLASS COUNSEL**

_____    Date: _____
MASON A. BARNEY, ESQ.
SIRI & GLIMSTAD LLP

*Justin C. Walker*
_____    Date: _____May 9, 2025_____
JUSTIN C. WALKER, ESQ.
MARKOVITS, STOCK & DeMARCO, LLC

Gary M. Klinger, Esq. (May 9, 2025 16:02 CDT)
_____    Date: _____May 9, 2025_____
GARY M. KLINGER, ESQ.
*Milberg Coleman Phillips Grossman PLLC*

*Attorneys for Plaintiffs*

44

IN WITNESS WHEREOF, the Parties have herby accepted and agreed to the Settlement

Agreement.

**PLAINTIFFS**

_____    **Date:** _____
MARK JONES
*Plaintiff*

_____    **Date:** _____
MICHELLE GOULD
*Plaintiff*

_____    **Date:** _____
DICKY WARREN
*Plaintiff*

_____    **Date***:*** _____
CARL JUNG
*Plaintiff*

**CLASS COUNSEL**

_____    **Date:** May 9, 2025
MASON A. BARNEY, ESQ.
SIRI & GLIMSTAD LLP

_____    **Date:** _____
JUSTIN C. WALKER, ESQ.
MARKOVITS, STOCK & DeMARCO, LLC

_____    ***Date:*** _____
GARY M. KLINGER, ESQ.
*Milberg Coleman Phillips Grossman PLLC*

*Attorneys for Plaintiffs*

44

**FREESTYLE SOFTWARE, INC.**

By: _Suthen Siva_____

Its _Director_____

Date: _May 9, 2025_____

**COUNSEL FOR FREESTYLE**

_____    **Date:** _May 9, 2025_____

JOHN J. DELIONADO

HUNTON ANDREWS KURTH LLP

**STURM RUGER & COMPANY, INC.**

By: _____

Its _____

Date: _____

**COUNSEL FOR RUGER**

_____    **Date:**_____

ERICK M. SANDLER

DAY PITNEY LLP

**FREESTYLE SOFTWARE, INC.**

By: _____

Its _____

Date: _____

**COUNSEL FOR FREESTYLE**

_____          **Date:** _____

JOHN J. DELIONADO
HUNTON ANDREWS KURTH LLP

**STURM RUGER & COMPANY, INC.**

_____

By: ___Patricia Shepard___

Its ___Deputy General Counsel___

Date: ___May 8, 2025___

**COUNSEL FOR RUGER**

_____          **Date:** ___May 8, 2025___

ERICK M. SANDLER
DAY PITNEY LLP

# **EXHIBIT 1**

**From:** Ruger and Freestyle Data Incident Settlement Administrator

**To:** [Class Member email address]

**Subject:** Notice of Class Action Settlement Regarding Jones, et al. v. Sturm, Ruger & Company, Inc. and Freestyle Software, Inc.

Class Member ID: <<RefNum>>

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*Jones, et al. v. Sturm, Ruger & Company, Inc. and Freestyle Software, Inc.*

Case No. 3:22-CV-01233 (D. Conn.)

Si necesita ayuda en español, comuníquese con el administrador al **1-###-###-####**.

**A United States District Court authorized this Notice**

If you were subject to the Freestyle Solutions, Inc. Data Incident or were previously provided Notice of the Data Incident by Sturm, Ruger & Company, Inc. that your personal information was potentially compromised in the Data Incident, you may be entitled to benefits from a class action settlement.

**IMPORTANT MESSAGE FROM THE COURT**: A Settlement has been reached in a class action lawsuit against Sturm, Ruger & Company, Inc. ("Ruger") and Freestyle Software, Inc., ("Freestyle") (collectively "Defendants"). The class action lawsuit concerns a data incident experienced by Freestyle in or around August 2022 (the "Data Incident") that may have affected persons who used Ruger's website www.ShopRuger.com or who otherwise had personally identifiable information stored on Freestyle's servers. The Data Incident occurred when an unauthorized third party may have accessed and acquired Plaintiffs' and Settlement Class Members' full names, addresses, credit or debit card information, description of the product purchased, and the price and the number of items purchased (collectively referred to as "Personal Information").

**Who is Included?** All living individuals residing in the United States who were sent a notice by Ruger that their Personal Information may have been impacted in the Data Incident or whose Personal Information was otherwise impacted and/or exfiltrated by the Data Incident, as well as all living individuals residing in the United States whose data was exfiltrated in the Data Incident. The Settlement Class specifically excludes: (a) all persons who are employees, directors, officers, and agents of Defendants; (b) governmental entities; (c) the Judges assigned to the Action, members of the Judges' immediate family, and Court staff; and (d) Settlement Class Members who submit a valid request to opt-out or be excluded from the Settlement Class.

**What does the Settlement Provide?** Defendants have agreed to establish a $1,500,000 non-reversionary Settlement Fund to settle claims related to the Data Incident. From this Settlement Fund, Settlement Class Members are eligible to receive: (1) Compensation for Out-of-Pocket Losses consisting of unreimbursed losses relating to fraud or identity theft and other expenses that

are fairly traceable to the Data Incident; (2) Compensation for Lost Time spent remedying issues related to the Data Incident at $25 per hour for up to five hours with an attestation; and (3) a Pro Rata Cash Payment estimated to be $50 (which may increase or decrease depending on the number of claims filed and approved). All claims are subject to a $4,500.00 aggregate individual cap.

For complete details, please see the Settlement Agreement, whose terms control, available at [insert website URL]. The Settlement Administrator will post additional information about the payment amounts on [insert website URL], if necessary.

**How To Get Benefits:** You must submit a Claim Form, available at [insert website URL]. You will need the Unique ID number found at the top of this email to submit a Claim Form. The Claim Form must be postmarked or submitted electronically on or before [90 days from Notice Deadline]. Claims will be subject to a verification process.

**Your Other Options.** If you file a Claim Form, object to the Settlement, or do nothing, you will stay in the Settlement Class and be bound by its terms including its Release. You will be legally bound by all orders of the Court and you will not be able to start, continue or be part of any other lawsuit against Defendants or related parties arising out of the Data Incident. If you do not want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by [60 days from Notice Deadline]. If you do not exclude yourself, you may object to the Settlement by [60 days from Notice Deadline]. Please see the Settlement Agreement for full details.

**The Final Approval Hearing.** The Court has scheduled a hearing for [Final Approval Hearing Date], to decide whether to approve the Settlement; attorneys' fees, costs, and expenses; service awards; and any objections. If you object to the Settlement, you or your attorney may request permission from the Court to speak about your objection at the hearing.

**More Information.** More information about your rights and options can be found in the Long-Form Notice and Settlement Agreement available at [insert website URL] or by calling toll-free 1-###-###-####.

**PLEASE DO NOT CONTACT THE OCURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT.**

Please monitor [WEBSITE HERE] for updates or call 1-###-###-####.

This email was sent to you because you are a Settlement Class Member. | Unsubscribe

Please do not reply to this email, it is sent from an unmonitored inbox.

# **<u>EXHIBIT 2</u>**

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

Sturm, Ruger & Company, Inc. and
Freestyle Software, Inc.,
Data Incident Settlement
c/o Settlement Administrator
PO Box XXXX

## NOTICE OF CLASS ACTION SETTLEMENT

**If you received notice of data Data Incident from Sturm, Ruger & Company, Inc. or Freestyle Software, Inc., you may be entitled to submit a claim for monetary compensation under a class action settlement.**

**This Notice is a summary of the proposed Settlement. Please visit www.[SettlementWebsiteURL].com for complete information.**

## WHO IS A SETTLEMENT CLASS MEMBER?

In the lawsuit *Jones, et al. v. Sturm, Ruger & Company, Inc.* and *Freestyle Software, Inc.*, Case No. 3:22-CV-01233 (D. Conn.), you are a Settlement Class Member if you reside in the United States and were sent a notice by Sturm, Ruger & Company, Inc. ("Ruger") that your Personal Information may have been impacted in the Data Incident experienced by Freestyle Software, Inc. ("Freestyle") ("Ruger" and "Freestyle" are collectively "Defendants") in or around August 2022 (the "Data Incident") or if your Personal Information was present on Freestyle's servers and was exfiltrated in the Data Incident.

**WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?**

Defendants will pay $1,500,000 into a Settlement Fund, which will be distributed to Settlement Class Members with Valid Claims after deducting Service Awards, attorneys' fees and expenses, and administration costs. Settlement Class Members may claim: (1) Documented Out-of-Pocket losses up to $4,500; (2) Lost Time compensation of $25/hour for up to 5 hours with attestation; and/or no more than $500,000) and costs and expenses will (3) a *Pro Rata* Cash Payment estimated at $50 (subject to adjustment based on remaining funds and shall not exceed $175). All claims are subject to a $4,500 individual cap. Defendants also agreed to provide documents and information to Class Counsel showing that they have taken data security measures to remedy the issues that led to the Data Incident. You must timely submit a valid Claim Form to receive compensation. More details are available at the [Settlement Website URL] ("Settlement Website").

**WHAT ARE YOUR RIGHTS AND OPTIONS?**

**Submit a Claim Form.** Mail the attached form or submit online at the Settlement Website by _____, 2025 to qualify for payment. Your Claim Form must be postmarked or submitted online no later than _____, 2025. _____ is the Settlement Administrator.

**Opt-Out / Exclude Yourself.** Mail a written request for exclusion to the Settlement Administrator, postmarked by _____, 2025 to retain your right to sue Defendants independently. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the released claims.

**Object** If you do not exclude yourself, you have the right to object to the Settlement. Submit signed, written objections postmarked by _____, 2025. See the Settlement Website for valid objection requirements.

**Do Nothing.** If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a **Final Approval Hearing** on _____, 202_ at [time]. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the Class Representatives?** Mark Jones, Michelle Gould, Dicky Warren, Carl Jung are the Plaintiffs and Class Representatives in this lawsuit. Each will seek a Service Award of $3,500.00. Approximately _____ Settlement Class Members may have been impacted in the Data Incident.

**Who are the attorneys for the Plaintiffs and the proposed Class?** Class Counsel is Mason A. Barney of Siri & Glimstad LLP; Gary M. Klinger of Milberg Coleman Phillips Grossman PLLC; and Justin C. Walker of Markovits, Stock, & DeMarco LLC.

**Do I have any obligation to pay attorneys' fees or expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees and expenses will be in an amount not to exceed 1/3 of the $1,500,000 Settlement Fund (*i.e.* no more than $500,000) and costs and expenses will not exceed $35,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court.

**When is the Final Approval Hearing?** The final approval hearing, where the Court will determine if the settlement is fair, reasonable, and adequate, will be conducted on _____ 202_ at [time].

**Who is the Judge overseeing this settlement?** Judge Kari A. Dooley United States District Judge, District of Connecticut.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** [Settlement Website URL]

**Note:** For Out-of-Pocket loss claims, please submit online to easily attach your supporting documentation. This tear-off form is sufficient if you're only claiming Lost Time or Pro Rata Cash Payment. A more detailed Claim Form is available on the Settlement Website.

**This Notice is a summary of the proposed settlement.**

Postage
Required

Sturm, Ruger & Company, Inc. and
Freestyle Software, Inc.,
c/o Settlement Administrator
PO Box XXXX
(city, state, zip code)

< < B a r c o d e > > Class

Member ID: <<Refnum>>

## CLAIM FORM

**Claims must be postmarked by or submitted online no later than _____, 2025.**

NAME: _____

ADDRESS: _____

EMAIL: _____

**Check Each Box to Select Your Settlement Benefits, Fill in All Requested Amounts, and Sign Below**

*You may choose any/all options below. Total compensation cannot exceed $4,500 per person.*

☐ **Compensation for Out-of-Pocket Losses: $ _____** (max $4,500.00) for Out-of-Pocket losses fairly traceable to the Data Incident.

I understand that I must provide supporting third-party documentation (receipts, statements, etc.), that self-prepared documents are only accepted as supplementary support, and that insufficient documentation will result in claim denial. To submit documentation, I should file my claim online rather than using this tear-off form. The Settlement Administrator may contact me for additional information.

☐ **Compensation for Lost Time: _____ hours _____ minutes** (5 hours maximum, $25/hour)

☐ I swear and affirm that I spent the amount of time noted in response to the Data Incident.

☐ **Pro Rata Cash Payment:** ☐ **Yes** ☐ **No**

The payment will be initially set at $50 and may be increased or decreased based on the Settlement Fund balance.

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this claim form to the best of my personal knowledge.**

_____ **(signature)**

# EXHIBIT 3

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

***Jones, et al. v. Sturm, Ruger & Company, Inc. and Freestyle Software, Inc.,***
**Case No. 3:22-CV-01233**

**If you were subject to the Freestyle Solutions, Inc. Data Incident or were previously provided Notice of the Data Incident by Sturm, Ruger & Company, Inc. that your personal information was potentially compromised in the Data Incident, you could receive benefits from a class action settlement.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

*Si necesita ayuda en español, comuníquese con el administrador al [settlement admin phone #].*

- You may be eligible to receive a payment from a proposed $1,500,000 non-reversionary class action settlement (the "Settlement Fund").

- A Settlement has been reached in a class action lawsuit against Sturm, Ruger & Company, Inc. ("Ruger") and Freestyle Software, Inc., ("Freestyle") (Ruger and Freestyle are collectively "Defendants").

- The class action lawsuit concerns a data incident experienced by Freestyle in or around August 2022 (the "Data Incident") that may have affected persons who used Ruger's website www.ShopRuger.com or who otherwise had personally identifiable information stored on Freestyle's servers. The Data Incident occurred when an unauthorized third party may have accessed and acquired Plaintiffs' and Settlement Class Members' full names, addresses, credit or debit card information, description of the product purchased, and the price and the number of items purchased (collectively referred to as "Personal Information"). Freestyle and Ruger deny any wrongdoing and deny that they have any liability but have agreed to settle the lawsuit on a classwide basis.

- The Settlement Class means all living individuals residing in the United States who were sent a notice by Ruger that their Personal Information may have been impacted in the Data Incident or whose Personal Information was otherwise impacted and/or exfiltrated by the Data Incident, as well as all living individuals residing in the United States whose data was exfiltrated in the Data Incident. It excludes: (a) all persons who are employees, directors, officers, and agents of Defendants; (b) governmental entities; (c) the Judges assigned to the Action, members of the

Judges' immediate family, and Court staff; and (d) Settlement Class Members who submit a valid request to opt-out or be excluded from the Settlement Class.

- For more information or to submit a claim visit **WEBSITE HERE** or call 1-###-###-####.

- Your legal rights are affected regardless of whether you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is **[90 days from Notice Deadline]**. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Defendants and the issues in this case. The deadline to exclude yourself from the Settlement is **[60 days from Notice Deadline]**. |
| **OBJECT TO THE SETTLEMENT** | Write to the Settlement Administrator explaining why you do not agree with the Settlement. The deadline to object is **[60 days from Notice Deadline]**. |
| **ATTEND THE FINAL APPROVAL HEARING** | You or your attorney may attend and speak about your objection at the Final Approval Hearing. The Final Approval Hearing will be held on [_____ __], 2025. |
| **DO NOTHING** | You will not get any benefits from the Settlement and you will give up certain legal rights as they relate to Defendants. You will remain in the Settlement Class and be subject to the Release. |

- These rights and options, and the deadlines to exercise them, are explained in this Notice. For complete details, please see the Settlement Agreement, whose terms control, available at **[insert website].**

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

### BASIC INFORMATION

## 1.    What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with Ruger and Freestyle. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The case is called *Jones, et al. v. Sturm, Ruger & Company, Inc. and Freestyle Software, Inc.*, Case No. 3:22-CV-01233, currently pending in the United States District Court for the District of Connecticut.

## 2.    What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs — in this case, Plaintiffs and Class Representatives Mark Jones, Michelle Gould, Dicky Warren, and Carl Jung — sue on behalf of a group of people who have similar claims. Together, this group is called a "Settlement Class" and consists of "Settlement Class Members."  The entities they sued (Ruger and Freestyle) are called the Defendants. In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class.

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

## 3.    What is this lawsuit about?

Plaintiffs claim that Defendants failed to implement and maintain reasonable security measures to adequately protect the Personal Information in their possession and to prevent the Data Incident from occurring.

Defendants deny that they are liable for the claims made in the lawsuit and deny any allegations of wrongdoing. More information about the complaint in the lawsuit can be found on the Settlement Website at **[insert website URL].**

## 4.    Why is there a Settlement?

The Court has not decided whether the Plaintiffs or Defendants should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Settlement Class Members will be eligible to get compensation now rather than years later—if ever. The Class Representative and attorneys for the Settlement Class Members, called Class Counsel, agree that the Settlement is in the best interests of the Settlement Class Members. The Settlement is not an admission of wrongdoing by the Defendants.

### WHO'S INCLUDED IN THE SETTLEMENT?

## 5.    How do I know if I am in the Settlement Class?

The Settlement Class is defined as: "all living individuals residing in the United States who were sent a notice by Ruger that their Personal Information may have been impacted in the Data Incident or whose Personal Information was otherwise impacted and/or exfiltrated by the Data Incident, as well as all living individuals residing in the United States whose data was exfiltrated in the Data Incident."

This Settlement Class does not include: (a) all persons who are employees, directors, officers, and agents of Defendants; (b) governmental entities; (c) the Judges assigned to the Action, members

of the Judges' immediate family, and Court staff; and (d) Settlement Class Members who submit a valid a request to opt-out or be excluded from the Settlement Class.

If you are not sure whether you are included in the Settlement Class, you can contact the Settlement Administrator by calling **[insert settlement admin phone #]**, by emailing **[insert settlement admin email]**, or by visiting the Settlement Website located at **[insert website URL].**

### THE SETTLEMENT BENEFITS

| 6. | What does the Settlement provide? |
|---|---|

Under the proposed Settlement, Defendants will pay (or cause to be paid) $1,500,000 into a Settlement Fund. The Settlement Fund, plus interest accrued thereon, will pay notice and administration costs, Court-approved attorneys' fees and costs, Court-approved Service Awards for Class Representatives, and certain Settlement Fund taxes and tax expenses (the "Net Settlement Fund"). The Net Settlement Fund will be used to provide eligible Settlement Class Members with payments and benefits described below.[1]

Settlement Class Members may file a claim for one or more of the following settlement benefits.

**Compensation for Out-of-Pocket Losses**: If you incurred financial losses that are fairly traceable to the Data Incident, you may be eligible to receive reimbursement for those losses. A claim for reimbursement may include, but is not limited to the following provided the expenses were incurred primarily as a result of the Data Incident: unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Claims for monetary losses are subject to a $4,500.00 aggregate individual cap.

**Compensation for Lost Time**: Settlement Class Members with time spent remedying issues related to the Data Incident can submit a claim for reimbursement of $25 per hour with an attestation. Claims made for Lost Time are subject to a five-hour cap. No documentation other than an attestation shall be required for members of the Settlement Class to receive compensation for attested time spent with only an attestation demonstrating that they spent the claimed time responding to issues raised by the Data Incident. This attestation may be completed by checking a box next to the sentence: "I swear and affirm that I spent the amount of time noted in response to the Data Incident." Combined claims for lost time, Out-of-Pocket Losses, and *Pro Rata* Cash Payment are subject to a $4,500.00 aggregate individual cap.

---

[1] If the benefits claimed by all Settlement Class Members meets or exceeds the amount of the Net Settlement Fund, then the payments and/or benefits for your Claim may be reduced *pro rata* by the Settlement Administrator so that the aggregate cost of all payments and benefits does not exceed the amount of the Net Settlement Fund.

**$50 *Pro Rata* Cash Payment**: All Settlement Class Members may file a claim for a *pro rata* cash payment. The amount of this Cash Payment will increase or decrease depending on the number of claims filed and approved. Combined claims for lost time, Out-of-Pocket Losses, and *Pro Rata* Cash Payment are subject to a $4,500.00 aggregate individual cap.

**Confirmatory Discovery:** Freestyle has also agreed to attest that data security measures to remedy the issues that led to the Data Incident have been taken and that other business practices to help ensure information security have been implemented.

For complete details, please see the Settlement Agreement, whose terms control, available at **[insert website URL].**

## HOW TO GET BENEFITS

### 7.    How do I make a Claim?

To qualify for a Settlement benefit, you must complete and submit a Claim Form.

Settlement Class Members who want to submit a Claim must fill out and submit a Claim Form online at **[insert settlement admin website]** or by mail to the Settlement Administrator. Claim Forms are available through the Settlement Website, **[insert website URL],** or by calling **[insert settlement admin phone].**

**All Claim Forms must be submitted no later than [60 days after notice deadline].**

### 8.    When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for **[_____ __], 202_.** If the Court finally approves the Settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will be sent payment after all appeals and other reviews, if any, are completed.  Please be patient.

## THE LAWYERS REPRESENTING YOU

### 9.    Do I have a lawyer in this case?

Yes, the Court has appointed Mason A. Barney of Siri & Glimstad LLP; Gary M. Klinger of Milberg Coleman Phillips Grossman PLLC; and Justin C. Walker of Markovits, Stock, & DeMarco LLC as "Class Counsel" to represent you and all Settlement Class Members. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you at your own expense if you want someone other than Class Counsel to represent you.

### 10.    How will the lawyers be paid?

To date, Class Counsel has not received any payment for their services in conducting this litigation on behalf of the Settlement Class and have not been paid for their out-of-pocket expenses. Class Counsel will ask the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund ($500,000.00), and reimbursement of reasonable litigation expenses which were incurred in connection with the Action not to exceed $35,000. Such sums as may be approved by the Court will be paid from the Settlement Fund.

Class Counsel will also request a service award of $3,500.00 for each Class Representative to be paid from the Settlement Fund.

The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any service awards to Plaintiffs.

Class Counsel will file their Application for Attorneys' Fees, Costs, and Service Awards with the Court, which will also be posted on the Settlement Website, at **[insert website URL].**

## YOUR RIGHTS AND OPTIONS

### 11.   What claims do I give up by participating in this Settlement?

If you do not exclude yourself from the Settlement, you will not be able to sue Ruger or Freestyle about the Data Incident, and you will be bound by all decisions made by the Court in this case, the Settlement, and its included Release. This is true regardless of whether you submit a Claim Form. However, you may exclude yourself from the Settlement (*see* Question 14). If you exclude yourself from the Settlement, you will not be bound by any of the Released Claims, which are described in the Settlement Agreement at **[insert website URL].**

### 12.   What happens if I do nothing at all?

If you do nothing, you will receive no benefits under the Settlement. You will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to the provisions of Section 11 above. Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against Ruger or Freestyle for the claims or legal issues released in this Settlement.

### 13.   What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you will receive no benefits under the Settlement. However, you will not be in the Settlement Class and will not be legally bound by the Court's judgments related to the Settlement Class and Ruger or Freestyle in this class action lawsuit.

### 14.   How do I ask to be excluded?

You can ask to opt-out or be excluded from the Settlement. To do so, you must send a written notification to the Settlement Administrator stating that you want to be excluded from the Settlement in *Jones, et al. v. Sturm, Ruger & Company, Inc. and Freestyle Software, Inc.,* Case

*No. 3:22-CV-01233.* Your written notification must include: (1) the name of the proceeding; (2) your full name, current address, telephone number, and email address (if any); (3) your signature; and (4) the words "Request for Exclusion" or a comparable statement that you not wish to participate in the Settlement at the top of the communication. You must mail your exclusion request, postmarked no later than **[60 days after Notice Deadline]**, to the following address:

[settlement admin address]

You cannot exclude yourself by phone or email. Any individual who wants to be excluded from the Settlement must submit his or her own exclusion request. No group opt-outs shall be permitted.

## 15.    If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Ruger and/or Freestyle for the claims or legal issues released in this Settlement, even if you do nothing.

## 16.    If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for any benefits.

## 17.    How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must mail a written objection to the Settlement Administrator stating that you object to the Settlement in *Jones, et al. v. Sturm, Ruger & Company, Inc. and Freestyle Software, Inc., Case No. 3:22-CV-01233.*

The objection must be in writing and be personally signed by you or your attorney. The objection must include: The written objection must include: (a) the name of the Action; (b) the objector's full name, current mailing address, and telephone number, and email address (if any); (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) the identity of all counsel who represent the objector (if any), including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and whether they will appear at the Final Approval Hearing; (f) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement

within the preceding 5 years; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (g) the wet signature of the Settlement Class Member.

You must mail your objection to the Settlement Administrator at **[address for settlement admin].**postmarked no later than **[60 days after the notice deadline].**

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself (or opting-out) from the Settlement Class is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on [Insert Hearing Date] at the Courthouse located at [Insert Address or Videoconference Information]. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the service awards to Plaintiffs.

The location, date and time of the Final Approval Hearing are subject to change by Court order. Any changes will be posted at the Settlement Website, **[insert website URL]**, or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. If your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. However, you may appear on your behalf or pay a lawyer to attend on your behalf to assert your objection.

## 21. May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you (or your attorney) may appear and speak at the Final Approval Hearing concerning any part of the proposed Settlement.

### GETTING MORE INFORMATION

| 22. | Where can I get additional information? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at **[insert website URL]** or by writing to the Ruger and Freestyle Data Incident Settlement Administrator, **[address for settlement admin].**

| 23. | How do I get more information? |
|---|---|

**[insert website URL phone number, and email for settlement admin]**

### PLEASE DO NOT CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.

# **EXHIBIT 4**

## CLAIM FORM

*Jones, et al. v. Sturm, Ruger & Company, Inc. and Freestyle Software, Inc.,*
*Case No. 3:22-CV-01233*
**United States District Court, District of Connecticut**
**SUBMIT BY ------------------------, 2025**

This claim form should be filled out and submitted online or submitted by mail if you received a notification that your personal information was or may have been compromised in the Data Incident that was discovered in or around August 2022 (the "Data Incident"), and you had out-of-pocket losses or lost time as a result of the Data Incident, and/or you wish to claim a pro rata cash payment. You may get a check or electronic payment if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment. The Settlement establishes a $1,500,000 fund to compensate Settlement Class Members for their monetary losses, lost time, and/or claims for pro rata cash payments, as well as for the costs of notice and administration, certain taxes, service award payment(s), and attorneys' fee awards and costs as awarded by the Court.

The settlement notice describes your legal rights and options. Please visit the official Settlement Website, **insert website URL]**, or call **[insert settlement admin phone number]** for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. The **DEADLINE** to submit this claim form online (or have it postmarked for mailing) is **[insert date 60 days from Notice Deadline].**

*Si necesita ayuda en español, comuníquese con el administrador al **[insert settlement admin phone number]**.*

1. SETTLEMENT CLASS MEMBER INFORMATION (ALL INFORMATION IS REQUIRED):

Name: _____

Address: _____

_____

Telephone: _____    Email: _____

2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and Section III through V of the Settlement Agreement (available at **[insert website URL]**) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed. Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Check the box for each category of benefits you would like to claim. **You may submit a claim for one or more of these benefits, including that you may receive each of a Monetary Loss payment, and/or a Lost Time Payment, and/or a Pro Rata Cash payment.**

Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in bold type (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

      a.   **Compensation for Out-of-Pocket Losses:**

 Please check off this box for this section if you are electing to seek reimbursement for unreimbursed charges as a result of the Data Incident.

Examples - unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. **Claims for monetary losses are subject to a $4,500.00 aggregate individual cap.**

Total amount for this category $_____.

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between August 18, 2022 through [60 days after notice deadline] please attach a copy of a receipt or other proof of purchase for each credit report or product purchased. (Note: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Data Incident and not for any other purpose).*

Supporting documentation must be provided. You may mark out any transactions that are not relevant to your claim before sending in the documentation.

b.  **Compensation for Lost Time (Please check BOTH boxes)**

☐  Please check off both boxes for this section if you are electing to seek Compensation for Lost Time you undertook to prevent or mitigate fraud and identity theft following the announcement of the Data Incident.

☐  I swear and affirm that I spent the amount of time noted in response to the Data Incident.        **\_\_\_\_ hour(s) \_\_\_\_ minute(s)**

c.  **Pro Rata Cash Payment estimated to be $50,00:**

☐  I would like to claim a Pro Rata Cash Payment.

\*\* The payments under this option will initially be set at $50; however, the value of the cash payment under this option will be increased or decreased based on the balance of the Settlement Fund.

☐  **Check here if you would like to receive payment for your approved claim, if any, via electronic means.**

3.  SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____        _____        \_\_\_\_/\_\_\_\_/\_\_\_\_
Signature                              Print Name                                      Date

4.  MAIL YOUR CLAIM FORM, OR SUBMIT YOUR CLAIM FORM ONLINE.

This claim form must be:

Postmarked by **[90 days after notice deadline]** and mailed to: **[insert address for settlement administrator]**; OR

Emailed by midnight on **[90 days after notice deadline]** to **[insert email for settlement administrator]**; OR

Submitted through the Settlement Website by midnight on **[90 days after notice deadline]** at: **[insert website URL]**.

# **EXHIBIT 5**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARK JONES, MICHELLE GOULD, DICKY WARREN, and CARL JUNG, individually and on behalf of all others similarly situated, | : |
| | : |
| | : |
| | : |
| | : Civil Action No.: |
| Plaintiffs, | : |
| | : 3:22-CV-01233 (KAD) |
| v. | : |
| | : **PRELIMINARY    APPROVAL** |
| | : **ORDER** |
| STURM, RUGER & COMPANY, INC. and FREESTYLE SOFTWARE, INC., | : |
| | : |
| | : |
| | : |
| Defendants. | : |

**WHEREAS,** a consolidated, putative class action is pending in this Court entitled *Jones, et al. v. Sturm, Ruger & Company, et al.*, Case No. 3:22-CV-01233 (the "Action");

**WHEREAS**, Plaintiffs Mark Jones, Michelle Gould, Dicky Warren, and Carl Jung, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendants Freestyle Software, Inc. ("Freestyle") and Sturm, Ruger & Company, Inc. ("Ruger") (together "Defendants") (collectively the "Parties"), have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendants in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, Plaintiffs have made an application for an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only,

appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the Settlement Class, appointing Verita Global, LLC as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.       **<u>Class Certification for Settlement Purposes Only</u>**. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> All living individuals residing in the United States who were sent a notice by Ruger that their Personal Information may have been impacted in the Data Incident or whose Personal Information was otherwise impacted and/or exfiltrated by the Data Incident, as well as all living individuals residing in the United States whose data was exfiltrated in the Data Incident.

The Settlement Class includes approximately 168,000 people. The Settlement Class specifically excludes: (a) all persons who are employees, directors, officers, and agents of Defendants; (b) governmental entities; and (c) the Judges assigned to the Action, members of the Judges' immediate family, and Court staff.; and (d) Settlement Class Members who submit a valid request to opt-out or be excluded from the Settlement Class.

2.    **Class Findings**:  The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

3.    **Class Representatives and Class Counsel**: Mark Jones, Michelle Gould, Dicky Warren, and Carl Jung are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Class Counsel:  Mason A. Barney of Siri & Glimstad LLP; Gary M. Klinger of Milberg Coleman Phillips Grossman PLLC; and Justin C. Walker of Markovits, Stock, & DeMarco LLC.

4.    **Preliminary Settlement Approval**. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be

conducted as described below. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(a)    have the class representatives and class counsel adequately represented the class;

(b)    was the proposal negotiated at arm's length;

(c)    is the relief provided for the class adequate, taking into account:

　　(i)    the costs, risks, and delay of trial and appeal;

　　(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

　　(iii)    the terms of any proposed award of attorneys' fees, including timing of payment; and

　　(iv)    any agreement required to be identified under Rule 23(e)(3); and

(d)    does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of arm's length negotiations conducted under the auspices of Hon. John Thorton (Ret.) of JAMS; (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data breach class action settlements and has been found to be effective in these types of settlements, and (iii) the conditions under which the Parties may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

5.      **Final Approval Hearing**. A Final Approval Hearing shall be held at ___:__.m. on _____, 202__, in the United States District Court for the District of Connecticut, at the Courthouse located at _____, _____, _____, _____ [by videoconference] for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class; (b) to determine whether a proposed Judgment substantially in the form annexed to the Settlement Agreement as Exhibit 6 should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the motion of Class Counsel for a Fee Award and Costs should be approved; (d) to determine whether the motion of the Class Representatives for Service Award Payment(s) should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth in Paragraph 7 of this Order.

6.      The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class Members, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

7.      **Retention of Settlement Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain Vertia Global, LLC (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set for more fully below. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

(a)      Within fourteen (14) days of this Order, Defendants shall provide the portions of the then-available Class Member Information List to the Settlement Administrator. To

the extent necessary, Defendants will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement, consistent with the Settlement Agreement. The Parties have informed the Court that they anticipate certain limited and targeted settlement-related third-party discovery may be needed to update the Class List, which may then require adjustment of certain deadlines. The parties shall communicate any such proposed deadline adjustments to the Court via a proposed order for approval of the same;

(b)    As soon as practicable following entry of this Order, the Settlement Administrator shall establish the Settlement Website and Settlement Toll-Free Number as set forth in the Settlement Agreement;

(c)    Within thirty (30) days of this Order, the Settlement Administrator shall disseminate the Short Form Notice via email and/or U.S. mail to all Settlement Class Members. At that time, the Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website.

8.    **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Email Notice, the Short Form Notice, the Long Form Notice, and the Claim Form attached to the Settlement Agreement as Exhibits 1, 2, 3, and 4 and as modified by the Parties and filed with the Court on _____, 2025 (ECF No. ____), and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Class Representatives' request(s) for Service Award Payment(s), of their right to object to the Settlement, Class Counsel's request for Fee

Award and Costs, and/or Class Representatives' request(s) for Service Award Payment(s), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed.

9.     **Participation in the Settlement**. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form, and must do so within ninety (90) days after the Notice is issued to the Settlement Class Members. If a Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

10.     **Claims Process and Distribution and Allocation Plan**. Class Representatives and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

11.     **Exclusion from Class**. Any Settlement Class Member who wishes to opt-out or be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than <mark>**60 Days after the Notice Deadline**</mark> (the "Opt-Out Period"). The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class and Settlement. Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement even if that Settlement Class Member does not submit a Valid Claim. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12.     **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed to the Settlement Administrator, post marked no later than <mark>**60 days after the notice deadline**</mark> as specified in the Notice and Paragraph 81 of the Settlement Agreement. For an objection to be considered by the

Court, the objection must also include all of the information set forth in Paragraph 82 of the Settlement Agreement, which is as follows: (i) the name of the Action; (ii) the objecting Settlement Class Member's full name, mailing address, telephone number, and email address (if any); (iii) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (iv) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (v) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (vi) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (vii) the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing; (viii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (ix) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (x) the objector's wet signature (electronic signatures shall not be accepted).

13.     Any Settlement Class Member who fails to comply with the provisions in

Paragraph 12 may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if a Final Approval Order and Judgment is entered. If a Final Approval Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Award Payment(s), or the motion for Fee Award and Costs.

14.     **<u>Termination of Settlement</u>**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15.     **<u>Use of Order</u>**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper,

unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16.    **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

17.    **Settlement Administration Fees and Expenses**. All reasonable costs incurred with notifying Settlement Class Members of the Settlement and administering the Settlement shall be paid as set forth in the Settlement Agreement. However, the costs of notice and administration shall not exceed $_____ without further Order of the Court.

18.    **Settlement Fund**. The contents of the Settlement Fund shall be deemed and considered to be *in custoda legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19.    **Taxes**. The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

20.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

21.    **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline**: 30 Days after Preliminary Approval Order

**Motions for Service Award Payment(s) and Attorneys' Fee Award and Costs**: 30 days after Notice Deadline

**Opt-Out Deadline**: 60 Days after Notice Date

**Objection Deadline**: 60 Days after Notice Date

**Claims Deadline**: 90 Days after Notice is sent to the Settlement Class

**Final Approval Hearing**: at least 110 Days after Preliminary Approval

**IT IS SO ORDERED** this ___ day of _____, 202___.

_____
Judge Kari A. Dooley
United States District Judge

# **EXHIBIT 6**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK JONES, MICHELLE GOULD, DICKY WARREN, and CARL JUNG, individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : : | Civil Action No.: |
| | : | 3:22-CV-01233 (KAD) |
| v. | : : | |
| | : : | **FINAL APPROVAL ORDER AND JUDGMENT** |
| STURM, RUGER & COMPANY, INC. and FREESTYLE SOFTWARE, INC., | : : : : | |
| Defendants. | : : | |

**WHEREAS,** a consolidated class action is pending in this Court entitled *Jones, et al. v. Sturm, Ruger & Company, et al.,* Case No. 3:22-CV-01233 (the "Action");

**WHEREAS**, Plaintiffs Mark Jones, Michelle Gould, Dicky Warren, and Carl Jung, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendants Freestyle Software, Inc. ("Freestyle") and Sturm, Ruger & Company, Inc. ("Ruger") (together "Defendants") (collectively the "Parties"), have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendants in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS,** by Order dated _____, 2025 ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) appointed Plaintiffs as Class Representatives; (d) appointed Class Counsel as counsel for the Settlement Class; (e) appointed Verita Global, LLC as Settlement Administrator (f) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (g) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (h) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

**WHEREAS,** [XX] Class Members submitted objections;

**WHEREAS,** [XX] Class Members submitted Requests for Exclusion;

**WHEREAS,** the Court conducted a hearing on [INSERT FINAL APPROVAL HEARING DATE] (the "Final Approval Hearing") to consider, among other things, (a) the Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class Representatives' motion for Service Award Payment(s) should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     __Jurisdiction__:  This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     __Incorporation of Settlement Documents__: This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on _____, 2025; and (b) the Notice documents filed with the Court on _____, 2025.

3.     __Class Certification for Settlement Purposes__: The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of: All living individuals residing in the United States who were sent a notice by Ruger that their Personal Information may have been impacted in the Data Incident or whose Personal Information was otherwise impacted and/or exfiltrated by the Data Incident, as well as all living individuals residing in the United States whose data was exfiltrated in the Data Incident. The Settlement Class includes approximately 168,000 people. The Settlement Class specifically excludes: (a) all persons who are employees, directors, officers, and agents of Defendants; (b) governmental entities; and (c) the Judges assigned to the Action, members of the Judges' immediate family, and Court staff.; and (d) Settlement Class Members who submit a valid a request to opt-out or be excluded from the Settlement Class.

4.     __Adequacy of Representation__: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Class Counsel to serve as counsel for the Settlement Class.  Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of

litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice**: The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payment(s), (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payment(s), (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6.    **Objection**: [TO BE DETERMINED]

7.    **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the

Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

8.    Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9.    **Binding Effect**: The terms of the Settlement Agreement and this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

10.    **Releases**: The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

11.    Notwithstanding Paragraph 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12.    **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

13.     **No Admissions**: This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendants of any liability, claim or wrongdoing in this Action or in any other proceeding.

14.     **Retention of Jurisdiction**:  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d) Class Representatives' motion for a Service Award Payment(s); and (e) the Settlement Class Members for all matters relating to the Action.

15.     A separate order shall be entered regarding Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination of Settlement**: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this

Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of _____, 2025, as provided in the Settlement Agreement.

18.    **Entry of Judgment**: There is no just reason for delay of entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in the Action.

IT IS SO ORDERED this ___ day of _____, 2025.


_____
Kari A. Dooley
United States District Judge